**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

ELLIOT MCGUCKEN, an individual

Plaintiff,

Case No.

v.

TRIBUNE PUBLISHING COMPANY, LLC, A Delaware limited liability company; NEW YORK DAILY NEWS COMPANY, INC., a New York Corporation; CHICAGO TRIBUNE COMPANY, LLC, a Delaware limited liability company; ORLANDO SENTINEL COMMUNICATIONS COMPANY, LLC, a Delaware limited liability company; SUN-SENTINEL COMPANY, LLC, a Delaware limited liability company; THE DAILY PRESS INCORPORATED, a Virginia corporation; THE BALTIMORE SUN COMPANY, LLC, a Delaware limited liability company; VIRGINIAN-PILOT MEDIA COMPANIES, LLC, a Virginia limited liability company; THE HARTFORD COURANT COMPANY, LLC, a Delaware limited liability company; and DOES 1-10,

**Jury Demanded**

Defendants.

## COMPLAINT

Plaintiff Elliot McGucken ("McGucken"), by and through his attorneys Doniger / Burroughs, for his complaint against defendants Tribune Publishing Company, LLC, Chicago Tribune Company, LLC, New York Daily News Company, Inc., Orlando Sentinel Communications Company, LLC, The Daily Press Incorporated, The Baltimore Sun Company, LLC, Virginian-Pilot Media Companies, LLC, The Hartford Courant Company, LLC, and Sun-Sentinel Company, LLC ("Defendants"), and Does 1-10, alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright infringement under the Copyright Act of 1976, 17 U.S.C §101 *et seq*. and for violation of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. §1202(b).

2. Plaintiff created and owns original photographs (the "Subject Photography") to which he owns the sole and exclusive rights, including copyrights, for various uses including online publications.

3. Defendants own and operate websites (the "Websites").

4. Defendants, without permission or authorization from Plaintiff, reproduced, displayed, and distributed the Subject Photography in articles on the Websites owned and operated by Defendants in violation of the United States copyright laws.

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

6. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

7. Plaintiff Elliot McGucken is an individual residing in Los Angeles County.

8. McGucken is informed and believes and thereon alleges that Defendant Tribune Publishing Company, LLC ("Tribune Publishing") is a Delaware limited liability company doing business in and with this District including through its offices at 560 West Grand Ave., Chicago, Illinois 60654.

9. McGucken is informed and believes and thereon alleges that Defendant Chicago Tribune Company, LLC ("Chicago Tribune") is a Delaware limited liability company doing business in and with this District including through its newsroom at 560 W Grand Ave, Chicago Iliinois 60654 and is owned and operated in whole or in part by Tribune Publishing.

10. McGucken is informed and believes and thereon alleges that Defendant Virginian-Pilot Media Company ("Virginian Pilot") is a Virginia limited liability company and is owned and operated in whole or in part by Tribune Publishing.

11. McGucken is informed and believes and thereon alleges that Defendant The Daily Press Incorporated ("Daily Press") is a Virginia corporation and is owned and operated in whole or in part by Tribune Publishing.

12. McGucken is informed and believes and thereon alleges that Defendant Orlando Sentinel Communications Company, LLC ("Orlando Sentinel") is a Delaware limited liability company and is owned and operated in whole or in part by Tribune Publishing.

13. McGucken is informed and believes and thereon alleges that Defendant New York Daily News Company (New York Daily News") is a New York corporation and is owned in and operated whole or in part by Tribune Publishing.

14. McGucken is informed and believes and thereon alleges that Defendant Sun-Sentinel Company, LLC ("Sun Sentinel") is a Delaware limited liability company and is owned and operated in whole or in part by Tribune Publishing.

15. McGucken is informed and believes and thereon alleges that Defendant The Hartford Courant Company, LLC ("Hartford Courant") is a Delaware limited liability company and is owned and operated in whole or in part by Tribune Publishing.

16. McGucken is informed and believes and thereon alleges that Defendant The Baltimore Sun Company, LLC ("Baltimore Sun") is a Delaware limited liability company and is owned and operated in whole or in part by Tribune Publishing.

17. Defendants Does 1 through 10 (collectively with Tribune Publishing, Chicago Tribune, Virginian Pilot, Daily Press, Orlando Sentinel, New York Daily News, Sun Sentinel, Baltimore Sun, and Hartford Courant, "Defendants"), inclusive, are other parties who have infringed McGucken's copyright, have contributed to the infringement of McGucken's copyright, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to McGucken, who therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

18. McGucken is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope

of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of McGucken's rights and the damages proximately caused thereby.

**CLAIMS RELATED TO SUBJECT PHOTOGRAPHY**

19. McGucken is an award-winning fine art photographer who created and owns the original photographs depicted below ("Subject Photography"):

| **SUBJECT PHOTOGRAPHY** |
| --- |
|  |

///



20. McGucken is the sole and exclusive owner of all rights in and to the Subject Photography, including copyrights, and registered the copyrights for same with the United States Copyright Office prior to the acts complained of herein.

21. Prior to the acts complained of herein, McGucken widely publicly displayed and disseminated the Subject Photography, including through his own profiles and websites displaying his work to the public.

22. McGucken routinely includes identifying copyright management information with the Subject Photography, including metadata and attribution information.

23. McGucken is informed and believes and thereon alleges that following his publication and display of the Subject Photography, Defendants, Does 1-10, and each of them used the Subject Photography without McGucken's authorization for commercial purposes, including by reproducing, displaying, and distributing the same in articles on the websites owned and operated by Defendants alongside numerous advertisements. ("Infringing Uses"):

///

| INFRINGING USES |
| --- |

## Chicago Tribune

https://www.chicagotribune.com/2020/09/16/stunning-sights-in-national-parks-during-peak-fall-foliage/
https://www.chicagotribune.com/wp-content/uploads/migration/2020/09/16/OZQJ4SMZI52OH545CXEKJNXJKY.jpg




## Baltimore Sun

https://www.baltimoresun.com/2020/09/22/when-is-marylands-fall-foliage-peak/
https://www.baltimoresun.com/wp-content/uploads/migration/2020/09/22/OZQJ4SMZI52OH545CXEKJNXJKY.jpg?w=1200'

THE BALTIMORE SUN — When is Maryland's fall foliage peak?

When is Maryland's fall foliage peak?

52 of 78
BRYCE CANYON NATIONAL PARK (UTAH) | Bryce Canyon National Park in Utah would make for a great fall weekend trip.

By PENELOPE BLACKWELL
PUBLISHED: September 22, 2020 at 2:11 p.m. | UPDATED: September 23, 2020 at 6:39 a.m.

Reliable Solar Generator

**Sun Sentinel**

https://www.sun-sentinel.com/wp-content/uploads/migration/2021/03/01/OZQJ4SMZI52OH545CXEKJNXJKY.jpg?w=1200
https://www.sun-sentinel.com/wp-content/uploads/migration/2021/03/01/OZQJ4SMZI52OH545CXEKJNXJKY.jpg?w=810




**The Hartford Courant**

https://www.courant.com/2020/09/16/stunning-sights-in-national-parks-during-peak-fall-foliage/
https://www.courant.com/wp-content/uploads/migration/2020/09/16/OZQJ4SMZI52OH545CXEKJNXJKY.jpg



**The Daily Press**

https://www.dailypress.com/2020/10/13/yellowstone-park-reports-most-ever-september-visitors/
https://www.dailypress.com/wp-content/uploads/migration/2020/10/13/OZQJ4SMZI52OH545CXEKJNXJKY.jpg?w=810




**The Virginian Pilot**

https://www.pilotonline.com/2021/03/01/new-exotic-invasive-snake-is-captured-in-everglades-national-park-its-likely-a-released-pet/
https://www.pilotonline.com/wp-content/uploads/migration/2021/03/01/OZQJ4SMZI52OH545CXEKJNXJKY.jpg?w=1200



**New York Daily News**

https://tineye.com/search/be44c6fcf5bef2a554fdc37d05bfafd1672a2f17?sort=score&order=desc&page=1
https://archive.ph/U4PUu



**Orlando Sentinel**

https://www.orlandosentinel.com/travel/travel-news/sns-small-towns-fall-foliage-20201002-eviyrpx5fjgfffjh6ukjjfll4a-photogallery.html



24. These exemplars are not meant to encompass all Infringing Uses; the claims made herein are as to any image displayed, published, licensed, distributed and/or sold by Defendants, and/or each of them, that incorporate without authorization, in whole or in part, the Subject Photography.

25. A comparison of exemplars of the Subject Photography with the corresponding images of the Infringing Uses reveals that the elements, composition, colors, arrangement, subject, lighting, angle, and overall appearance of the images are identical or at least substantially similar and is depicted below:




Bryce Canyon National Park (Utah)
America's national parks aren't short on natural beauty, especially in the fall. If you love soaking up the season by enjoying colorful fall foliage, here are gorgeous photos that capture the season across America's amazing national parks.
Towns that become picture pe
Aspen, Colorado
Towns that become picture per
Aspen, Colorado

26. On information and belief, McGucken alleges that Defendants, and each of them, were involved in creating and/or developing the Infringing Uses, and/or supplying, marketing distributing, selling, and otherwise providing the Infringing Uses to third parties, including without limitation, the public.

27. On information and belief, McGucken further alleges that Defendants intentionally added attribution information falsely indicating third-parties as the authors of the Infringing Uses as the author or copyright owner of the Subject Photography, including "Hane Street" and "(c)Shutterstock."

28. As of the filing of this complaint, numerous of the Infringing Uses remain online at Defendants' websites.

29. McGucken at no time authorized Defendants, or any of them, to use the Subject Photography as complained of herein.

**FIRST CLAIM FOR RELIEF**

**(Copyright Infringement - Against All Defendants, and Each)**

30. McGucken repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

31. Defendants, and each of them, had access to the Subject Photography, including, without limitation, through viewing the Subject Photography on the World Wide Web.

32. Defendants, and each of them, infringed McGucken's copyright by copying, publishing, and displaying the Subject Photography to the public, including without limitation, the websites set forth above, without McGucken's authorization or consent.

33. Due to Defendants', and each of their, acts of infringement, McGucken has suffered general and special damages in an amount to be established at trial.

34. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of McGucken's rights in the Subject Photography. As such, McGucken is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of its rights in the Subject Photography in an amount to be established at trial.

35. McGucken is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, McGucken will make its election between actual damages and statutory damages.

**SECOND CLAIM FOR RELIEF**

**(Vicarious and/or Contributory Copyright Infringement - Against All Defendants, and Each)**

36. McGucken realleges and incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

37. McGucken is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of the Subject Photography as alleged herein. Such conduct included, without limitation, publishing the Subject Photography obtained from third parties that Defendants knew, or should have known, were not authorized to publish the Subject Photography.

38. McGucken is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, Defendants, and each of them, received revenue in connection with the aforementioned website listings that incorporated the unauthorized copies of the Subject Photography, and were able to supervise the publication of said posts.

39. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, McGucken has suffered and will continue to suffer substantial damages to their business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

40. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of McGucken's rights in the Subject Photography. As such, McGucken is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of their rights in the Subject Photography, in an amount to be established at trial.

41. McGucken is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement and/or a preclusion from asserting certain equitable and other defenses.

///

///

**THIRD CLAIM FOR RELIEF**

**(Violation of 17 U.S.C. 1202 - Against All Defendants, and Each)**

42. McGucken realleges and incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

43. The Subject Photography was routinely published with identifying metadata, attribution, credit, and other copyright management information identifying McGucken as the owner and author.

44. McGucken alleges on information and belief that Defendants, and each of them, removed McGucken's copyright management information, as described above, from the Subject Photography, and/or added false copyright management information to the Subject Photography, including as described above, before distributing and publishing same.

45. McGucken alleges on information and belief that Defendants, and each of them, distributed and published the Subject Photography via their websites, under their own name, and removing McGucken's attribution information, including without limitation his name and/or metadata.

46. The aforementioned facts constitute "copyright management information" as that phrase is defined in 17 U.S.C. § 1202(c) and is false.

47. When Defendants published the Subject Photography, they knowingly provided and/or distributed false CMI in violation of 17 U.S.C. § 1202(a), and did so in order to induce, enable, facilitate, or conceal infringement.

48. When Defendants published the Subject Photography, they removed McGucken's copyright management information from the Subject Photography knowing or having reason to know that such removal would induce, enable, facilitate, or conceal and infringement in violation of 17 U.S.C. § 1202(b), as set forth above.

49. As a result of the foregoing, McGucken has been damaged and may recover those damages as well as Defendants' profits, and/or statutory damages, and attorneys' fees under 17 U.S.C. § 1203.

## PRAYER FOR RELIEF

WHEREFORE, McGucken prays for judgment as follows:

### Against all Defendants, and Each:

With Respect to Each Claim for Relief:

a. That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from infringing McGucken's copyright in the Subject Photography, including, without limitation, an order requiring Defendants, and each of them, to remove the Subject Photography from their respective websites, catalogs, marketing and advertisement materials.

b. That McGucken be awarded all profits of Defendants, and each of them, plus all losses of McGucken, plus any other monetary advantage gained by the Defendants, and each of them, through their infringement, the exact sum to be proven at the time of trial, and/or, to the extent available, statutory damages as available under the 17 U.S.C. § 504, 17 U.S.C. § 1203, and other applicable law.

c. That a constructive trust be entered over any revenues or other proceeds realized by Defendants, and each of them, through their infringement of McGucken's intellectual property rights;

d. That McGucken be awarded his attorneys' fees as available under the Copyright Act U.S.C. §§ 505, 1203, *et seq.*;

e. That McGucken be awarded his costs and fees under the statutes set forth above;

f. That McGucken be awarded statutory damages and/or penalties under the statues set forth above;

g. That McGucken be awarded pre-judgment interest as allowed by law;

h. That McGucken be awarded the costs of this action; and

i. That McGucken be awarded such further legal and equitable relief as the Court deems proper.

**DEMAND FOR JURY TRIAL**

McGucken demands a trial by jury in this action of all issues so triable.

Dated: April 30, 2024

Respectfully submitted,

DONIGER / BURROUGHS

By: */s/ Mackenzie Paladino*
Mackenzie Paladino, Esq. (Bar No. 6342560)
Trevor W. Barrett, Esq. (Bar No. 287174)
247 Water Street, First Floor
New York, New York 10038
(310) 590-1820
mpaladino@donigerlawfirm.com
tbarrett@donigerlawfirm.com
*Attorneys for Plaintiff Elliot McGucken*